# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| In re: | § | |
| | § | |
| Elvedor Ollivierre-Mills | § | Case No. 12-17026 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   .  The undersigned trustee was appointed on               .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                  and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $           , for a total compensation of $          $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $       , and now requests reimbursement for expenses of $       , for total expenses of $        $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____  By:/s/STEVEN R. RADTKE_____
                                              Trustee



**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-17026 | JBS | Judge: | Jack B. Schmetterer | Trustee Name: | STEVEN R. RADTKE |

| Case Name: | Elvedor Ollivierre-Mills | | | | Date Filed (f) or Converted (c): | 04/26/2012 (f) |
| | | | | | 341(a) Meeting Date: | 07/02/2012 |
| For Period Ending: | 08/13/2013 | | | | Claims Bar Date: | 02/19/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  Checking Account With Citibank | 400.00 | 400.00 | OA | 0.00 | FA |
| 2.  Household Goods: Tv, Dvd Player, Tv Stand, Stereo, Sofa, Vac | 500.00 | 500.00 | OA | 0.00 | FA |
| 3.  Books, Compact Discs, Tapes/Records, Family Pictures | 25.00 | 25.00 | OA | 0.00 | FA |
| 4.  Necessary Wearing Apparel. | 20.00 | 20.00 | OA | 0.00 | FA |
| 5.  Earrings, Watch, Costume Jewelry | 50.00 | 50.00 | OA | 0.00 | FA |
| 6.  Pension W/ Employer/Former Employer - 100% Exempt. | 0.00 | 0.00 | OA | 0.00 | FA |
| 7.  Bluegreen Corp. - Time Share | 1,000.00 | 0.00 | OA | 0.00 | FA |
| 8.  Proceeds from Citibank Checking Account (u) | 682.09 | 682.09 | | 682.09 | FA |
| 9.  Proceeds from Citibank MM Account per Judgment of Dissolutio (u) | 12,696.32 | 12,696.32 | | 12,696.32 | FA |
| 10.  Proceeds from SURS retirement fund per Judgment of Dissoluti (u) | 24,600.00 | 24,600.00 | | 24,600.00 | FA |
| 11.  Proceeds of Retirement Account per Qualified Domestic Relati (u) | 128,397.86 | 128,397.86 | | 64,198.93 | FA |
| 12.  Proceeds from Citibank MM and Checking Account (u) | 886.50 | 886.50 | | 886.50 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $169,257.77          $168,257.77          $103,063.84          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor's divorce, in which she was awarded certain bank accounts and an interest in her ex-husband's retirement account, was finalized before her bankruptcy filing but distribution thereunder was not made.  She was held in contempt in the state court for converting certain assets to be distributed to ex-husband under divorce decree.  Debtor died early in chapter 7 proceedings.

Exhibit A

On November 6, 2012, the Trustee obtained agreed bankruptcy court order authorizing ex-husband to turn over funds held in certain bank accounts after exercising his right of setoff.  The Trustee collected remaining accounts awarded to the debtor in the divorce decree.  Total bank accounts collected amounted to $38,864.91.  On June 6, 2013 the Trustee also obtained bankruptcy court order authorizing him to settle Debtor's claim for distribution from ex-husband's retirement account upon the ex-husband's payment of the sum of $64,198.93.

Initial Projected Date of Final Report (TFR): 06/30/2014          Current Projected Date of Final Report (TFR): 06/30/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-17026
Case Name: Elvedor Ollivierre-Mills

Taxpayer ID No: XX-XXX8308
For Period Ending: 08/13/2013

Trustee Name: STEVEN R. RADTKE
Bank Name: Associated Bank
Account Number/CD#: XXXXXX0237
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/21/12 | 8 | Citibank NA | Proceeds from Closed Checking Account ending 1220 | 1229-000 | $682.09 | | $682.09 |
| 11/21/12 | 9 | Charles W. Mills 6157 N. Sheridan Road, Apt. 16G Chicago, IL 60660-5818 | Proceeds from MM Account ending 853 per Judgment of Dissolution of Marriage | 1229-000 | $12,696.32 | | $13,378.41 |
| 11/21/12 | 10 | Charles W. Mills 6157 W. Sheridan Road, Apt. 16G Chicago, IL 60660-5818 | Proceeds from SURS fund per Judgement of Dissolution of Marriage | 1229-000 | $24,600.00 | | $37,978.41 |
| 11/21/12 | 12 | Citibank, NA | Proceeds from 2 closed bank accounts Closed Citibank checking account ending -926 with balance of $883.85 and closed money market account ending -238 with balance of $2.65 both in Debtor's name | 1229-000 | $886.50 | | $38,864.91 |
| 12/07/12 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $7.99 | $38,856.92 |
| 01/08/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $24.75 | $38,832.17 |
| 02/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $57.72 | $38,774.45 |
| 03/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $52.07 | $38,722.38 |
| 04/05/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $57.57 | $38,664.81 |
| 05/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $55.62 | $38,609.19 |
| 06/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $57.40 | $38,551.79 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $38,864.91    $313.12

Case 12-17026   Doc 31   Filed 09/30/13   Entered 09/30/13 12:18:13   Desc Main

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Document Page 6 of 12

Exhibit B

| | |
|---|---|
| Case No: 12-17026 | Trustee Name: STEVEN R. RADTKE |
| Case Name: Elvedor Ollivierre-Mills | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0237 |
| | Checking |
| Taxpayer ID No: XX-XXX8308 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 08/13/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/08/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $55.47 | $38,496.32 |
| 07/16/13 | 11 | Charles W. Mills 6157 N. Sheridan Road, Apt. 16G Chicago, IL 60660-5818 | Proceeds of Settlement on retirement claim | 1229-000 | $64,198.93 | | $102,695.25 |

|  | Deposits | Disbursements |
|---|---|---|
| COLUMN TOTALS | $103,063.84 | $368.59 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $103,063.84 | $368.59 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $103,063.84 | $368.59 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*   Page Subtotals: $64,198.93   $55.47

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0237 - Checking | $103,063.84 | $368.59 | $102,695.25 |
| | $103,063.84 | $368.59 | $102,695.25 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $103,063.84 |
| Total Gross Receipts: | $103,063.84 |

Page Subtotals:                    $0.00          $0.00

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 12-17026

Date: August 13, 2013

Debtor Name: Elvedor Ollivierre-Mills

Claims Bar Date: 2/19/2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE CHILL, CHILL & RADTKE, P.C. 79 WEST MONROE STREET SUITE 1305 CHICAGO, IL 60603 , | Administrative | | $0.00 | $8,403.19 | $8,403.19 |
| 100 2200 | STEVEN R. RADTKE CHILL, CHILL & RADTKE, P.C. 79 WEST MONROE STREET SUITE 1305 CHICAGO, IL 60603 , | Administrative | | $0.00 | $6.56 | $6.56 |
| 100 3110 | STEVEN R. RADTKE CHILL, CHILL & RADTKE, P.C. 79 WEST MONROE STREET SUITE 1305 CHICAGO, IL 60603 , | Administrative | | $0.00 | $16,162.50 | $16,162.50 |
| 100 3120 | STEVEN R. RADTKE CHILL, CHILL & RADTKE, P.C. 79 WEST MONROE STREET SUITE 1305 CHICAGO, IL 60603 , | Administrative | | $0.00 | $18.13 | $18.13 |
| 2 280 5800 | Irs Priority Debt Attn: Bankruptcy Dept. Po Box 7346 Philadelphia, Pa 19101 | Priority | | $0.00 | $2,500.00 | $2,500.00 |
| 7 280 5800 | Illinois Department Of Revenue C/O James Newbold, Asst Atty General 100 W. Randolph Street Chicago, Il 60601 | Priority | | $0.00 | $3,167.50 | $3,167.50 |
| 1 300 7100 | Llp Griffin Mccarthy & Rice Griffin, Mccarthy & Rice, Llp 55 West Monroe Street Suite 990 Chicago, Il 60603 | Unsecured | | $0.00 | $41,300.00 | $41,300.00 |
| 3 300 7100 | Jerome M. Kaplan 77 W. Washington Street #1515 Chicago, Il 60602 | Unsecured | | $0.00 | $29,562.63 | $29,562.63 |

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-17026
Debtor Name: Elvedor Ollivierre-Mills
Claims Bar Date: 2/19/2013

Date: August 13, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 4 300 7100 | Charles Mills 6157 N. Sheridan Rd. #16G Chicago, Il 60660 | Unsecured | | $0.00 | $2,000.00 | $2,000.00 |
| 6 300 7100 | Lerone Ollivierre Largo Heights P.O. Box 2073 Kingston St. Vincent & The Grenadines Vc0100 | Unsecured | | $0.00 | $10,000.00 | $10,000.00 |
| | Case Totals | | | $0.00 | $113,120.51 | $113,120.51 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2                     Printed: August 13, 2013

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-17026
Case Name: Elvedor Ollivierre-Mills
Trustee Name: STEVEN R. RADTKE

Balance on hand                                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $           must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Irs Priority Debt | $ | $ | $ |
| 7 | Illinois Department Of Revenue | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Llp Griffin Mccarthy & Rice | $ | $ | $ |
| 3 | Jerome M. Kaplan | $ | $ | $ |
| 4 | Charles Mills | $ | $ | $ |
| 6 | Lerone Ollivierre | $ | $ | $ |

Total to be paid to timely general unsecured creditors $_____

Remaining Balance $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

UST Form 101-7-TFR (5/1/2011) *(Page: 11)*

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE